# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO – EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. **14-55339** |
| | : | |
| **Terry Eugene Johnson** | : | Chapter **13** |
| SSN: xxx-xx-**3175** | : | |
| | : | Judge **Preston** |
| **Pamela Ann Johnson** | : | |
| SSN: xxx-xx-**8249** | : | |
| **Debtors**. | : | |

## MOTION TO SELL REAL PROPERTY

Now come Debtors, **Terry Eugene Johnson and Pamela Ann Johnson**, by and through Counsel, and respectfully move the Court for authority to sell Debtors' real property. This motion is made pursuant to F.R.B.P. 6004 and L.B.R. 6004-1. In support of this Motion, Debtors show the Court that:

1. Debtors petitioned for relief under Chapter 13 on July 29, 2014. Debtors' Plan was confirmed on April 6, 2015. Debtors' plan provides for the sale of this real property.

2. Debtors wish to sell the real property located at 34 Rainbow Avenue, Sunbury, Ohio 43074. This property is not the debtors' residence.

3. Debtors propose to sell the real property for $168,000.00 in an arms-length transaction through real estate agents, Jay Zollars of RZ Realty and Lisa Ferguson of Keller Williams Consultants Realty. Debtors propose to pay seller's realtor a commission of 3% and buyer's realtor a commission of 3% for a total commission of 6% from the proceeds of the real estate sale. A copy of the purchase contract is attached.

4. The subject real property was valued in the schedules as filed on August 13, 2014 and the appraisal filed on September 3, 2014 as $168,000.00.

5. Delaware County Bank and Trust is the mortgagee of the real property located at 34 Rainbow Avenue, Sunbury, Ohio 43074.

6. The proceeds of the sale of the real property will be paid to Delaware County Bank and Trust for the mortgage dated March 6, 2007, File #2007-00002547, BK 1069, PG 709-718, Delaware County and State of Ohio Bureau of Worker's Compensation lien, 2014 TL 05403, dated June 13, 2014, Delaware County. Debtors propose to retain proceeds in the amount of $25,000.00 in Debtors' attorney's trust account for the anticipated 2015 capital gains tax liability. The remaining proceeds will be paid into the Chapter 13 Plan.

7. Debtors do not have a relationship with the buyer, Randy Harmon.

**WHEREFORE**, the Debtors respectfully request authority to sell Debtors' real estate according to the terms disclosed herein.

    Respectfully Submitted,
    S. E. MILLS LAW OFFICE, LLC

    **/s/ Stacy E. Mills**
    Stacy E. Mills, Esq. (0080956)
    Attorney for **Debtors**
    2 W. Winter St., Suite 301
    Delaware, Ohio 43015
    Telephone: (740) 363-7761
    Facsimile: (740) 990-0825
    Email: attystacymills@gmail.com

## NOTICE AND CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing attached Motion to Sell Real Property was served this date on the parties whose names and electronic addresses are listed below by service electronically through the court's ECF System at the email address registered with the court and by regular US mail on the parties listed below for **NOTICE** that the attached request for relief has been filed with the Court.  The undersigned will present to the Court a proposed order granting the relief sought, unless, within **twenty-one (21)** days after this date, a written memorandum in opposition, or request for a hearing on such opposition, is filed with the Court and served on the undersigned.

Dated: **May 12, 2015**                                      **/s/ Stacy E. Mills**
                                                              Stacy E. Mills, Esq.  (0080956)
                                                              Attorney for **Debtors**
                                                              2 W. Winter St., Suite 301
                                                              Delaware, Ohio  43015
                                                              Telephone:  (740) 363-7761
                                                              Facsimile:  (740) 990-0825
                                                              Email:  attystacymills@gmail.com

Names of Parties Served:
VIA electronic transmission:
    Asst US Trustee (Col): ustpregion09.cb.ecf@usdoj.gov
    Brian M Gianangeli: bgianangeli@mifsudlaw.com
    Frank M Pees: trustee@ch13.org
    Stacy Mills: attystacymills@gmail.com
    Gregory D Wooldridge: ecf@fwcolumbus.com

VIA regular US mail:

| | | |
|---|---|---|
| Barbara K. Reiman | BBY/CFNA | Charles M. Diersing |
| 6059 Frantz Road | PO Box 6497 | 110 Riverbend Avenue |
| Suite 101 | Sioux Falls, SD 57117-6497 | PO Box 623 |
| Dublin, OH 43017-3367 | | Lewis Center, OH 43035-0623 |
| | | |
| Chase | Delaware County Bank | Federal Loan Servicing Credit |
| P.O. Box 15298 | P. O. Box 1001 | PO Box 61047 |
| Wilmington, DE 19850-5298 | Lewis Center, OH 43035-1001 | Harrisburg, PA 17106-1047 |

Delaware County Treasurer
140 N. Sandusky St.
PO Box 8006
Delaware, OH 43015-8006

GE Capital Retail Bank
ATTN: Bankruptcy Dept.
P. O. Box 103104
Roswell, GA 30076-9104

Critchfield, Critchfield & Johnson, LTD.
10 South Gay Street
PO Box 469
Mount Vernon, OH 43050-0469

Elan Financial Services
PO Box 108
Saint Louis, MO 63166

First Knox National Bank VISA
PO Box 790408
Saint Louis, MO 63179-0408

First Knox National Bank
PO Box 1270
Mount Vernon, OH 43050-1270

Giant Eagle
PO Box 659584
San Antonio, TX 78265-9584

Goodyear Tire/Citibank
PO 6497
Sioux Falls, SD 57117-6497

Knox County Treasurer
117 East High Street, Suite 103
Mount Vernon, OH 43050-3490

Ohio Department of Taxation
Commercial Activity Tax
PO Box 182857
Columbus, OH 43218-2857

Office of the Ohio Attorney General
Collections Enforcement Section
150 E. Gay Street
Columbus, OH 43215-3130

Ohio Department of Taxation
Compliance Division
P. O. Box 182401
Columbus, OH 42218-2401

US Airways Master Card
PO Box 13337
Philadelphia, PA 19101-3337

Portfolio Recovery Associates, LLC
POB 41067
Norfolk, VA 23541-1067

Ohio Department of Taxation
Bankruptcy Division
P.O. Box 530
Columbus, OH 43216-0530

FedLoan Servicing
P.O. Box 69184
Harrisburg PA 17106-9184

Cerastes, LLC
c/o Weinstein, Pinson and Riley, PS
2001 Western Avenue, Ste 400
Seattle, WA 98121-3132

The Delaware County Bank and Trust Company
110 Riverbend Avenue
Lewis Center, OH 43035

US Bank
PO Box 5229
Cincinnati, Ohio 45201-5229

Quantum3 Group LLC as agent for
Comenity Bank
PO Box 788
Kirkland, WA 98083-0788

The Delaware County Bank and Trust
c/o Frank & Wooldridge Co., L.P.A.
P.O. Box 6356
Columbus, Ohio 43206

Terry and Pamela Johnson
3560 South State Route 605
Galena, Ohio 43021

Lisa Ferguson
Keller Williams Consultants Realty
5400 Frantz Rd., Suite 100
Dublin, Ohio 43016

Jay Zollars
RZ Realty
3518 Riverside Dr., Suite 205
Upper Arlington, Ohio 43221

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF OHIO – EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. **14-55339** |
| | : | |
| **Terry Eugene Johnson** | : | Chapter **13** |
| SSN:  xxx-xx-**3175** | : | |
| | : | Judge **Preston** |
| **Pamela Ann Johnson** | : | |
| SSN:  xxx-xx-**8249** | : | |
| **Debtors**. | : | |

### NOTICE OF MOTION TO SELL REAL PROPERTY

**Terry Eugene Johnson and Pamela Ann Johnson**, the **Debtors** herein **have** filed papers with the court to **Sell Real Property.**

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have and attorney, you may wish to consult one.)**

If you do not want the court to grant Debtors' Motion, or if you want the court to consider your views on the Motion, then on or before **21 days** after the date printed below, you or your attorney must:

File a written response to the motion, explaining your position and requesting a hearing, at:
**Clerk, U.S. Bankruptcy Court
170 North High Street
Columbus, OH 43215**

If you mail your response to the Court for filing, you must mail it early enough so the court will receive it on or before **twenty-one (21)** days from the date below.

You must also mail a copy to:

| | | |
|---|---|---|
| **S. E. Mills Law Office, LLC** | **Frank M. Pees** | **Terry & Pamela Johnson** |
| **2 W. Winter St., Suite 301** | **Chapter 13 Trustee** | **3560 South State Route 605** |
| **Delaware, OH 43015** | **130 E. Wilson Bridge Rd, Ste. 200** | **Galena, Ohio 43021** |
| | **Worthington, Ohio 43085** | |

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated:  **May 12, 2015**                              /s/ **Stacy E. Mills**
                                                                      Stacy E. Mills, Esq.  (0080956)
                                                                      Attorney for Debtors
                                                                      2 W. Winter St., Suite 301
                                                                      Delaware, OH 43015



# AGENCY DISCLOSURE STATEMENT



EQUAL HOUSING OPPORTUNITY

The real estate agent who is providing you with this form is required to do so by Ohio law. You will not be bound to pay the agent or the agent's brokerage by merely signing this form. Instead, the purpose of this form is to confirm that you have been advised of the role of the agent(s) in the transaction proposed below. (For purposes of this form, the term "seller" includes a landlord and the term "buyer" includes a tenant.)

Property Address: 34 Rainbow Ave., Sunbury, OH 43074

Buyer(s): Randy L. Harmon

Seller(s): _____

## I. TRANSACTION INVOLVING TWO AGENTS IN TWO DIFFERENT BROKERAGES

The buyer will be represented by **Lisa Ferguson**, AGENT(S), and _____ BROKERAGE.

The seller will be represented by **Jay Zollars**, AGENT(S), and _____ BROKERAGE.

## II. TRANSACTION INVOLVING TWO AGENTS IN THE SAME BROKERAGE

If two agents in the real estate brokerage represent both the buyer and the seller, check the following relationship that will apply:

☐ Agent(s) _____ work(s) for the buyer and Agent(s) _____ work(s) for the seller. Unless personally involved in the transaction, the broker and managers will be "dual agents", which is further explained on the back of this form. As dual agents they will maintain a neutral position in the transaction and they will protect all parties' confidential information.

☐ Every agent in the brokerage represents every "client" of the brokerage. Therefore, agents _____ and _____ will be working for both the buyer and seller as "dual agents". Dual agency is explained on the back of this form. As dual agents they will maintain a neutral position in the transaction and they will protect all parties' confidential information. Unless indicated below, neither the agent(s) nor the brokerage acting as a dual agent in this transaction has a personal, family or business relationship with either the buyer or seller. If such a relationship does exist, explain: _____

## III. TRANSACTION INVOLVING ONLY ONE REAL ESTATE AGENT

Agent(s) _____ and real estate brokerage _____ will

☐ be "dual agents" representing both parties in this transaction in a neutral capacity. Dual agency is further explained on the back of this form. As dual agents they will maintain a neutral position in the transaction and they will protect all parties' confidential information. Unless indicated below, neither the agent(s) nor the brokerage acting as a dual agent in this transaction has a personal, family or business relationship with either the buyer or seller. If such a relationship does exist, explain: _____

☐ represent only the (check one) ☐ seller or ☐ buyer in this transaction as a client. The other party is not represented and agrees to represent his/her own best interest. Any information provided the agent may be disclosed to the agent's client.

## CONSENT

I (we) consent to the above relationships as we enter into this real estate transaction. If there is a dual agency in this transaction, I (we) acknowledge reading the information regarding dual agency explained on the back of this form.

Randy L Harmon
BUYER/TENANT
dotloop verified
03/20/15 11:16AM EDT
9TF6-PD5N-ARBO-XU2P
DATE

BUYER/TENANT   DATE

_[signature]_ 3-31-15
SELLER/LANDLORD   DATE

Pamela A Johnson 3-31-15
SELLER/LANDLORD   DATE

Page 1 of 2

Effective 01/01/05

Counter Offer
34 Rainbow Ave. Sunbury, Ohio 43074
March 30, 2015

All terms and conditions of the real estate contract dated March 19, 2015 and contract extension on March 25, 2015 are accepted subject to the following Changes.

Purchase Price Shall Be: One Hundred Sixty Eight Thousand Dollars $168,000.00

1. Subject to Bankruptcy approval.
2. Subject to Jim Pullins and GPC NAPA agreeing to terminate lease.
3. Closing to be no less 120 days and no more than 135 days unless contingency number 1 & 2 are satisfied and Seller will notify Buyer in writing that all contingencies have been meet and buyer to close with 14 days of receiving notice of seller clear to close.

This counter offer is open for acceptance through noon April 2, 2015.

Seller Accepts: _____

Buyer Accepts: _____ 3-31-2015

2

Counter Offer
34 Rainbow Ave. Sunbury, Ohio 43074
March 30, 2015

All terms and conditions of the real estate contract dated March 19, 2015 and contract extension on March 25, 2015 are accepted subject to the following Changes:

Purchase Price Shall Be: One Hundred Sixty Eight Thousand Dollars $168,000.00

1. Subject to Bankruptcy approval.
2. Subject to Jim Pullins and GPC NAPA agreeing to terminate lease.
3. Closing to be no less 120 days and no more than 135 days unless contingency number 1 & 2 are satisfied and Seller will notify Buyer in writing that all contingencies have been meet and buyer to close with 14 days of receiving notice of seller clear to close.

This counter offer is open for acceptance through noon April 2, 2015.

Seller Accepts: *[signature]*

*Pamela A. Johnson*

Buyer Accepts:

_____

**CONTRACT ADDENDUM**
It is recommended that all parties
be represented by an attorney.


ADOPTED BY
COLUMBUS REALTORS

Addendum Date: 03/25/2015

Addendum 1____, Page Q____

Premises Address: 34 Rainbow Ave., Sunbury, OH 43074

Seller: Terry Johnson

Buyer: Randy L. Harmon

Accepted Contract Date: _____

The provisions of this addendum supersede any conflicting provisions in the Real Estate Purchase Contract or any prior addendum.

The offer dated 3/19/15 for property located at 34 Rainbow Ave. Sunbury, Ohio has been extended for acceptance through 3/31/15 an is open until 5:00 PM.

*Randy L. Harmon*
Buyer

dotloop verified
03/25/15 11:57AM EDT
VR9H-XQA0-AMEJ-VKD1

Seller *Terry E Johnson*

Buyer

Seller *Pamela A Johnson*

Date

Date 3-31-15

REV 01/05

The Columbus REALTORS® commercial land purchase contract shall be printed in 11 point Arial font, and all deviations in the standard form must be printed in 12 point or larger **courier font in bold**. Use of **courier font in bold** denotes deviation from the standard Columbus REALTORS® purchase contract. All deletions from the standard form are to be noted by "strike out".

# REAL ESTATE PURCHASE CONTRACT
## Commercial Land



*It is recommended that all parties be represented by a REALTOR® and an Attorney.*

DATE: 03/19/2015

1. PROPERTY DESCRIPTION: Buyer offers to purchase from Seller through Broker(s), the following described Real Estate including, without limitation, all land, all improvements, fixtures, appurtenant rights, privileges, right of ways, and easement located in the County of Delaware, tax parcel number 417-144-06-024-000 in the State of Ohio, and also known as: 34 Rainbow Ave., Sunbury, OH 43074

2. PRICE AND TERMS:
The purchase price is: $ $165,000
One Hundred Sixty Five Thousand Dollars
Payable as follows:

3. ADDITIONAL TERMS:

4. DEED: Seller shall convey to Buyer marketable title in fee simple by transferable and recordable general warranty deed, with release of dower if any, or fiduciary deed, as appropriate, free and clear of all liens and encumbrances not excepted by this contract.

5. CONTINGENCIES:

(a) Environmental Inspection: (This paragraph 5a not applicable if number of days not inserted.) Within 14 days after the acceptance hereof, Seller agrees to permit Buyer, Buyer's lender and the qualified, professional environmental consultant of either of them to enter the property to conduct, at the expense of Buyer, an environmental site assessment. Buyer agrees to pay any litigation expenses, including reasonable attorney fees incurred by Seller, as a result of any claims resulting from such inspection and to indemnify Seller for any resulting damages.

If such assessment is obtained and the consultant recommends further inspection to determine the extent of suspected contamination or recommends remedial action, Buyer, at Buyer's option, may notify Seller in writing, within the above-specified period, that the contract is terminated, but Buyer's obligations under this paragraph 5a shall survive. Upon such termination, Buyer's earnest money deposit shall be released (pursuant to paragraph 14). Buyer shall have the right to enter upon the premises at reasonable times to make such tests.

(b) Property Inspection: (This paragraph 5b not applicable if number of days not inserted.) Buyer, at Buyer's expense, shall have 14 days after the acceptance hereof to have the property and all improvements, fixtures, and equipment inspected. Seller shall cooperate in making the property reasonably available for such inspection(s).

Buyer agrees to pay any litigation expenses, including reasonable attorney fees incurred by Seller as a result of any claims resulting from such inspection and to indemnify Seller for any resulting damages.

REV 09/14

PROPERTY ADDRESS: 34 Rainbow Ave., Sunbury, OH 43074 _____ Page 2 of 7

If Buyer is not satisfied with the condition of the property as disclosed by such inspection(s), Buyer may terminate this contract by delivering written notice of such termination to Seller within the above specified period that the contract is null and void. Upon such termination, Buyer's earnest money deposit shall be released (pursuant to paragraph 14).

Buyer is aware that any reference to the square footage of the premises, both the real property (land) and improvements thereon, is approximate. If square footage is a material matter to the Buyer, it must be verified during the inspection period.

(c) Other Contingencies:

> This offer is contingent upon Buyer's satisfactory review of all leases, rental agreements, deposits, past 2 years' income and expense reports and within 14 calendar days after acceptance of this offer, Seller shall provide such documents and information, representing them to be true and accurate, within 7 calendar days after acceptance.

(d) If Buyer does not give written notice to Seller within the time frames set forth above that the contingencies have been satisfied or that Buyer wishes to terminate this transaction, then the above contingencies are deemed to have been waived.

6. DUE DILIGENCE INVESTIGATIONS:

(a) Survey: (This paragraph 6a not applicable if number of days not inserted.) Buyer, at Buyer's initial expense, shall obtain an acceptable boundary survey of subject property, prepared by a licensed surveyor, showing dimensions and locations of all recorded easements affecting, or appurtenant to the premises, and also showing the legal description of the premises, within 14 days after acceptance hereof. Seller shall reimburse Buyer for the survey expense at closing. If this sale does not close, Seller shall have no obligation to pay for the survey.

(b) Utilities: (This paragraph 6b not applicable if number of days not inserted.) This offer is contingent upon Buyer's satisfaction of the availability of utility connections for water, sanitary sewer, storm sewer, gas and electricity being located in a public street or right of way, or other form of public utility easement adjoining the subject premises at the property line, within 14 days after acceptance hereof. Said utilities shall be available in sufficient quantities and size for the development of the property as reasonable determined by Buyer and at a cost acceptable to Buyer.

(c) Feasibility: (This paragraph 6c not applicable if number of days not inserted.) Buyer shall have determined to its sole satisfaction, at Buyer's expense, that Buyer's intended development is financially feasible including, without limitation, Buyer's approval of all site preparation costs. Financial feasibility studies and all site preparation costs must be approved by Buyer within _____ days after acceptance hereof.

(d) Zoning & Permits: (This paragraph 6d not applicable if number of days not inserted.) This offer is further contingent upon Buyer obtaining rezoning, if necessary, from all applicable authorities from the current zoning to allow for Buyer's intended use which is _____, and Buyer obtaining all necessary permits, agreements, approvals (site plan/building permits), and licenses from all applicable authorities for Buyer's proposed development, by Buyer within _____ days after acceptance hereof.

Any and all costs related to Buyer obtaining such rezoning, permits, agreements, approvals and licenses shall be borne by Buyer. Seller shall execute the zoning application if needed and shall cooperate with Buyer in obtaining said rezoning but Seller shall not be required to personally attend any meetings.

(e) If Buyer does not give written notice to Seller within the time frames set forth above that the contingencies have been satisfied or that Buyer wishes to terminate this transaction, then the above contingencies are deemed to have been waived.

REV 09/14

PROPERTY ADDRESS: 34 Rainbow Ave., Sunbury, OH 43074 _____ Page 3 of 7

(f) RENTS, INTEREST, CONDOMINIUM CHARGES, INSURANCE, UTILITIES AND SECURITY DEPOSITS: Adjustments shall be made through date of closing for: (a) rents; (b) interest on any mortgage assumed by Buyer; (c) condominium or other association periodic charges; (d) transferable insurance policies, if Buyer so elects; and (e) any community development charge applicable to the premises that was created by a covenant in an instrument recorded at (insert county) Delaware, Vol._____/Page No._____ or Instrument No._____. **[Note: if the preceding blanks are not filled in and a community development charge affects the property, this contract may not be enforceable pursuant to R.C. 349.07]** Security deposits, if any, shall be transferred to Buyer. Seller shall pay, through date of possession, all accrued utility charges and any other charges that are or become a lien.

7. DAMAGE OR DESTRUCTION OF PROPERTY: Risk of loss to the property and appurtenances shall be borne by Seller until closing. If any part of the property covered by this contract is substantially damaged or destroyed before this transaction is closed, Seller shall give a written notice to Buyer and/or Buyer's Broker that the damage or destruction has occurred. Such notice must include all pertinent information regarding insurance policies and claims covering the property that has been damaged or destroyed. The written notice shall be delivered within forty-eight (48) hours from discovery of the event causing the damage or destruction. Buyer may (a) proceed with the transaction and be entitled to all insurance money, if any, payable to Seller under all policies covering the property, or (b) terminate this contract, by giving written notice to Seller and or Seller's Broker within ten (10) calendar days after Seller has received written notice of such damage or destruction. If Buyer elects to rescind, then all parties are released from liability and the earnest money deposit shall be returned to Buyer pursuant to paragraph 14. Failure by Buyer to so notify Seller or Seller's Broker shall constitute an election to proceed with the transaction.

8. EMINENT DOMAIN: If, prior to the date of closing, eminent domain proceedings shall be threatened or commenced against all or any part of the premises, Seller shall give a written notice to Buyer and/or Buyer's Broker within forty-eight (48) hours of Buyer's receipt of notice of the threatened or commenced eminent domain action setting forth the pertinent terms of the threatened of commenced eminent domain action. Buyer may: (a) elect to proceed to close the purchase of the premises in accordance with the terms of this contract, in which event the Buyer shall be entitled to all payments payable to Seller on account of such taking as is applicable to the portion of the premises being purchased; or (b) elect to terminate this contract. If Buyer elects to terminate this contract, it shall so notify Seller in writing within 20 days after Buyer has received written notice from Seller of such taking. Failure by Buyer to so notify Seller shall constitute an election to proceed to close on the purchase of the property, and Buyer shall be entitled to all payments on account of such taking. Seller represents and warrants that it has no knowledge of any threatened taking which would affect, involve, or be adverse to the property.

9. CONDITION OF IMPROVEMENTS: Seller agrees that upon delivery of deed, the improvements constituting part of the Real Estate shall be in the same condition as that on the day of this offer, reasonable wear and tear excepted and damage accepted by Buyer under Paragraph 5b.

10. EVIDENCE OF TITLE: Seller shall furnish and pay for an owner's title insurance commitment (without special endorsements) and ALTA policy in the amount of the purchase price. The title evidence shall be certified to within thirty (30) days prior to closing with endorsement not before 8:00 a.m. on the business day prior to the date of closing, all in accordance with the standards of the Columbus Bar Association, and shall show in Seller marketable title in fee simple free and clear of all liens and encumbrances except: (a) those created or to be assumed by Buyer; (b) those specifically set forth in this contract; (c) zoning ordinances; (d) legal highways; (e) covenants, restrictions, conditions and easements of record that do not unreasonably interfere with present lawful use, (or Buyer's intended use which is_____); and (f) all coal, oil, gas and other mineral rights and interests previously transferred or reserved of record. Buyer shall pay any additional costs incurred in connection with mortgage title insurance issued for the protection of Buyer's lender and any special endorsements to the owner's policy of title insurance. If Buyer desires a survey, Buyer shall pay for it.

PROPERTY ADDRESS: 34 Rainbow Ave., Sunbury, OH 43074 _____ Page 3 of 7

REV 09/14

PROPERTY ADDRESS: <u>34 Rainbow Ave., Sunbury, OH 43074</u>　　　　　　　　　　　　　　　　Page 4 of 7

If title to all or part of real estate is unmarketable, as determined by Ohio law with reference to the Ohio State Bar Association's Standards of Title Examination, or is subject to liens, encumbrances, easements, conditions, restrictions, or encroachments other than those excepted in this contract, Seller shall, within thirty (30) days after a written notice thereof ("Cure Period"), remedy or remove any such lien, etc. or obtain title insurance without exception therefore. In the event Seller is unable to remedy to insure against the defect within the Cure Period, Buyer may terminate this contract by written notice to Seller received by Buyer within ten (10) days of the expiration of the Cure Period. In the event that Buyer elects to terminate this contract, Buyer and Seller shall be released from any and all obligations arising under this contract with the exception of Buyer's indemnification and hold harmless obligations arising pursuant to the terms of Paragraph 5a and Paragraph 5b of this contract which expressly survive such termination. At closing, Seller shall sign an affidavit with respect to off-record title matters in accordance with the community custom and shall represent, except to the extent otherwise disclosed in the environmental site assessment performed by Buyer under Paragraph 5a, to the best of Seller's knowledge that the subject property contains no hazardous waste.

Seller shall provide the base policy coverage for the applicable ALTA policy. Buyer is responsible for the cost of any coverage that requires additional premium for endorsements or the deletion of any standard exceptions.

11. TAXES AND ASSESSMENTS: At closing, Seller shall pay or credit on purchase price all delinquent taxes, including penalty and interest, all assessments that are a lien on the date of contract and all agricultural use tax recoupments for years prior to the year of closing. At closing, Seller shall also pay or credit on purchase price all other unpaid real estate taxes that are a lien for years prior to closing and a portion of such taxes and agricultural use tax recoupments for year of closing, prorated through date of closing and based on a 365-day year and, if undetermined, most recent available tax rate and valuation, giving effect to applicable exemptions, recently voted millage, change in valuation, etc., whether or not certified. Seller has received no written notification from public authority or owners association of future improvements that would result in costs being assessed against the real estate. Real estate taxes and assessments are subject to retroactive change by government authority. The real estate taxes for the property for the current tax year may change as a result of the transfer or as a result of a change in the tax rate.

12. BUYER'S EXAMINATION: Buyer has examined all property involved and, in entering into this contract, is relying solely upon such examination and those inspections and due diligence reviews under Paragraphs 5a, 5b, 5c and, to the extent applicable, Paragraphs 6a through 6d with reference to the condition, character and size of land and improvements and fixtures, if any. This contract constitutes the entire agreement and there are no representations, oral or written, which have not been incorporated herein. Time is of the essence for all provisions of this contract. All provisions of this contract shall survive the closing. Buyer is not relying upon any representations by the Broker(s).

13. INDEMNIFICATION, ENVIRONMENTAL DISCLAIMER BY BROKER: Seller agrees to defend, indemnify and hold harmless Seller's Broker, and their agents and employees for any cost or liability that may be incurred by or imposed on Seller's Broker for any breach by Seller of any representation of warranty or for any misrepresentation or concealment of fact by Seller in connection with the property.

Buyer and Seller acknowledge that Broker(s) have made no independent investigation to determine whether hazardous materials exist in, on or about the property.

14. EARNEST MONEY DEPOSIT:

Within <u>7</u> days of the contract being fully executed, Buyer shall deposit with <u>Keller Williams Consultants</u> (the "Holder") earnest money of $<u>1000</u>　　　　　　　　　　　　　. If deposited with Broker, the earnest money deposit shall be held in Broker's trust account.

REV 09/14

PROPERTY ADDRESS: 34 Rainbow Ave., Sunbury, OH 43074 _____ Page 5 of 7

14.1 Holder shall maintain the earnest money until one of the following occurs:

(a) The transaction closes, at which time Holder shall disburse the earnest money to the closing agent or pursuant to the terms of the purchase contract;

(b) The parties direct the Holder, pursuant to written instructions signed by both parties, how the earnest money is to be disbursed;

(c) The Holder is directed by court order how the earnest money is to be disbursed; or

(d) The earnest money becomes unclaimed funds, as defined in R.C. 169.02(M)(2). After providing notice as required by R.C. 169.03(D), Holder shall report the earnest money to the director of commerce, pursuant to R.C. 169.03, and remit the earnest money to the director.

14.2 If Holder holds the earnest money for two years, and the parties have failed to provide Holder with written instructions, signed by both parties, or a court order that directs Holder how to disburse the earnest money deposit, then Holder shall as soon as possible return the earnest money to Buyer without notice to Seller. If Holder cannot locate Buyer, Holder shall report the earnest money to the director of commerce, pursuant to R.C. 169.03, and remit the earnest money to the director.

14.3. The return of the earnest money deposit shall in no way prejudice the rights of Seller, Buyer or Broker in any action for damages or specific performance.

15. CLOSING AND POSSESSION: If all of the conditions and contingencies in Sections 5 and 6 by Buyer are either satisfied, waived by Buyer, or deemed waived as the result of lapse of time, then Buyer and Seller hereby agree to close this transaction within 30_____ days of the waiver or satisfaction of the last contingency at a time and place reasonably acceptable to Buyer and Seller.

At closing, Seller shall pay transfer taxes and deed preparation and shall convey to Buyer marketable title (as described in Sections 4 and 11) to the real estate by deed in fee simple by transferable and recordable limited warranty deed (or appropriate fiduciary deed if Seller is a fiduciary) in fee simple, with release of dower, if any.

16. 1031 EXCHANGE: If requested by either party, both parties will cooperate in effecting the transaction contemplated by this Agreement as a like kind exchange through a qualified intermediary in accordance with §1031 of the Internal Revenue Code. The party requesting the §1031 Exchange shall be solely responsible for the qualification of the transaction as a §1031 Exchange at no expense or delay to the other party.

17. DISCLOSURES:

(a) This contract constitutes the entire agreement and no oral or implied agreement exists. Any amendments to this contract shall be in writing, signed by Buyer(s) and Seller(s) and copies provided to them. This contract shall be binding upon the parties, their heirs, administrators, executors, successors and assigns. If this contract involves Seller financing, it may not be assigned. Time is of the essence of all provisions of this contract. All provisions of this contract shall survive the closing.

(b) Seller has not transferred, conveyed, or reserved any coal, oil, gas, or other mineral rights or interests in the property, except for the following (none if nothing inserted): _____

```
┌─────────────────────────────────────────────────────────────────────┐
│                                                                     │
│                                                                     │
│                                                                     │
└─────────────────────────────────────────────────────────────────────┘
```

(c) The Buyer has been given the opportunity to examine the property and in making this offer shall rely solely upon the Buyer's inspections and/or tests with reference to the condition, character, and size of the property.

REV 09/14

PROPERTY ADDRESS: 34 Rainbow Ave., Sunbury, OH 43074 _____ Page 6 of 7

(d) It is illegal, pursuant to the Ohio Fair Housing Law, Division (H) of Section 4112.02 of the Revised Code and the Federal Fair Housing Law, 42 U.S.C.A. 3601, as amended, to refuse to sell, transfer, assign, rent, lease, sublease, or finance housing accommodations, refuse to negotiate for the sale or rental of housing accommodations, or otherwise deny or make unavailable housing accommodations because of race, color, religion, sex, familial status as defined in Section 4112.01 of the Revised Code, ancestry, military status as defined in that section, disability as defined in that section, or national origin or to so discriminate in advertising the sale or rental of housing, in the financing of housing, or in the provision of real estate brokerage services.

(e) It is illegal, for profit, to induce or attempt to induce a person to sell or rent a dwelling by representations regarding the entry into the neighborhood of a person or persons belonging to one of the protected classes.

(f) Each of the parties hereby represents and warrants to the other that it has all requisite power to enter into this contract and to perform the terms, covenants and conditions hereof; that the execution and delivery of this contract has been duly authorized by all necessary persons or entities, and when executed and delivered, this contract will be a legal, valid and binding obligation of such party, enforceable against it in accordance with its terms, and that its signatory is duly authorized and empowered to execute this contract on its behalf. Whenever a date specified herein shall fall on a weekend or legal holiday, the date shall be extended to the next business day.

18. BROKER'S ACKNOWLEDGEMENT:

(a)  Seller and Buyer acknowledge that there are no other Broker(s) involved in this transaction except as follows:

Buyer Keller Williams Consultants _____

Seller RZ Realty _____

(b)  Buyer's broker shall receive a commission of 3 _____ % of the purchase price/flat fee of $_____, to be paid by Seller at closing.

(c)  Seller's broker shall receive a commission per the listing agreement or _____

19. MISCELLANEOUS:

1. Buyer reserves the option of having their attorney review and reject the terms of this contract within _14_ calendar days of acceptance of this offer. This contingency shall be deemed to have been waived at the end of 14_ calendar days unless Buyer notifies, in writing, the other party of their election to declare this contract to be null and void due to their attorney's disapproval of the terms.

2. This contract is contingent upon the property appraising at or above the final agreed upon purchase price. In the event lenders appraisal is less than the purchase price, buyer shall have the right within 3 business days to renegotiate a final price with seller or terminate the agreement between the parties with return of any earnest money to the buyer.

20. PROFESSIONAL ADVICE AND ASSISTANCE: The parties acknowledge and agree that the purchase of real property encompasses many professional disciplines. While Broker possesses considerable general knowledge, Broker is not an expert on matters of law, tax, financing, surveying, structural conditions, hazardous materials, environmental conditions, inspections, engineering, etc. Broker hereby advises the parties, and the parties acknowledge that they should seek professional expert assistance and advice in these and other areas of professional expertise. In the event Broker provides to the parties names of companies or sources for such advice and assistance, the parties additionally acknowledge and agree that Broker does not warrant, guarantee, or endorse the services and/or products of such companies or sources.

REV 09/14

PROPERTY ADDRESS: 34 Rainbow Ave., Sunbury, OH 43074                                    Page 7 of 7

**21. SIGNATURES:** Only manual or electronic signatures on contract documents, transmitted in original or facsimile (which includes photocopies, faxes, PDF, and scanned documents sent by any method) shall be valid for purposes of this contract and any amendments or any notices to be delivered in connection with this contract. Only original, manually signed documents shall be valid for deeds or other documents to be delivered at closing. For the purposes of this provision, "contract documents" do not include voice mail or email messages.

**22. TERMINATION:** If this Contract is terminated pursuant to Paragraphs 6a through 6d, 7, 8, or 10, then, with the exception of Buyer's indemnification and hold harmless obligations arising under Paragraphs 5a and 5b, Buyer and Seller shall be released from all obligations arising under this Contract.

**23. DURATION OF OFFER AND ACCEPTANCE:** This offer shall be open for acceptance through March , Month 22 Day 2015 Year 5:00 PM , Columbus, Ohio time.

Buyer makes this offer on this
19th day of March , 2015 .
Randy L. Harmon
(Buyer)
By: *Randy L Harmon*  dotloop verified 03/20/15 11:20AM EDT PVHN-WHSI-FQ13-YN6L

(Buyer)
By:

Address
3239 Carters Corner Rd., Sunbury, OH 43074

Phone 614-202-1073
Fax
Email Randy@survivorelectric.com

Name of Buyer's Attorney

Deed to:

Seller accepts this offer on this
_____ day of _____, _____.

(Seller)
By:

(Seller)
By:

Address

Phone
Fax
Email

Name of Seller's Attorney

**ALL PARTIES TO THIS CONTRACT MUST BE PROVIDED WITH A COPY.**

REV 09/14

 # AGENCY DISCLOSURE STATEMENT 

The real estate agent who is providing you with this form is required to do so by Ohio law. You will not be bound to pay the agent or the agent's brokerage by merely signing this form. Instead, the purpose of this form is to confirm that you have been advised of the role of the agent(s) in the transaction proposed below. (For purposes of this form, the term "seller" includes a landlord and the term "buyer" includes a tenant.)

Property Address: 34 Rainbow Ave., Sunbury, OH 43074

Buyer(s): Randy L. Harmon

Seller(s): _____

## I. TRANSACTION INVOLVING TWO AGENTS IN TWO DIFFERENT BROKERAGES

The buyer will be represented by Lisa Ferguson, AGENT(S), and _____ BROKERAGE.

The seller will be represented by Jay Zollars, AGENT(S), and _____ BROKERAGE.

## II. TRANSACTION INVOLVING TWO AGENTS IN THE SAME BROKERAGE

If two agents in the real estate brokerage _____ represent both the buyer and the seller, check the following relationship that will apply:

☐ Agent(s) _____ work(s) for the buyer and Agent(s) _____ work(s) for the seller. Unless personally involved in the transaction, the broker and managers will be "dual agents", which is further explained on the back of this form. As dual agents they will maintain a neutral position in the transaction and they will protect all parties' confidential information.

☐ Every agent in the brokerage represents every "client" of the brokerage. Therefore, agents _____ and _____ will be working for both the buyer and seller as "dual agents". Dual agency is explained on the back of this form. As dual agents they will maintain a neutral position in the transaction and they will protect all parties' confidential information. Unless indicated below, neither the agent(s) nor the brokerage acting as a dual agent in this transaction has a personal, family or business relationship with either the buyer or seller. *If such a relationship does exist, explain:* _____

## III. TRANSACTION INVOLVING ONLY ONE REAL ESTATE AGENT

Agent(s) _____ and real estate brokerage _____ will

☐ be "dual agents" representing both parties in this transaction in a neutral capacity. Dual agency is further explained on the back of this form. As dual agents they will maintain a neutral position in the transaction and they will protect all parties' confidential information. Unless indicated below, neither the agent(s) nor the brokerage acting as a dual agent in this transaction has a personal, family or business relationship with either the buyer or seller. *If such a relationship does exist, explain:* _____

☐ represent only the (*check one*) ☐ seller or ☐ buyer in this transaction as a client. The other party is not represented and agrees to represent his/her own best interest. Any information provided the agent may be disclosed to the agent's client.

## CONSENT

I (we) consent to the above relationships as we enter into this real estate transaction. If there is a dual agency in this transaction, I (we) acknowledge reading the information regarding dual agency explained on the back of this form.

*Randy L Harmon*  dotloop verified 03/20/15 11:16AM EDT 9TF6-PD6N-ARBO-XU2P
BUYER/TENANT                DATE              SELLER/LANDLORD              DATE

BUYER/TENANT                DATE              SELLER/LANDLORD              DATE

Page 1 of 2                                                                 Effective 01/01/05

# DUAL AGENCY

Ohio law permits a real estate agent and brokerage to represent both the seller and buyer in a real estate transaction as long as this is disclosed to both parties and they both agree. This is known as dual agency. As a dual agent, a real estate agent and brokerage represent two clients whose interests are, or at times could be, different or adverse. For this reason, the dual agent(s) may not be able to advocate on behalf of the client to the same extent the agent may have if the agent represented only one client.

**As a dual agent, the agent(s) and brokerage shall:**
- Treat both clients honestly;
- Disclose latent (not readily observable) material defects to the purchaser, if known by the agent(s) or brokerage;
- Provide information regarding lenders, inspectors and other professionals, if requested;
- Provide market information available from a property listing service or public records, if requested;
- Prepare and present all offers and counteroffers at the direction of the parties;
- Assist both parties in completing the steps necessary to fulfill the terms of any contract, if requested.

**As a dual agent, the agent(s) and brokerage shall not:**
- Disclose information that is confidential, or that would have an adverse effect on one party's position in the transaction, unless such disclosure is authorized by the client or required by law;
- Advocate or negotiate on behalf of either the buyer or seller;
- Suggest or recommend specific terms, including price, or disclose the terms or price a buyer is willing to offer or that a seller is willing to accept;
- Engage in conduct that is contrary to the instructions of either party and may not act in a biased manner on behalf of one party.

**Compensation:** Unless agreed otherwise, the brokerage will be compensated per the agency agreement.

**Management Level Licensees:** Generally the broker and managers in a brokerage also represent the interests of any buyer or seller represented by an agent affiliated with that brokerage. Therefore, if both buyer and seller are represented by agents in the same brokerage, the broker and manager are dual agents. There are two exceptions to this. The first is where the broker or manager is personally representing one of the parties. The second is where the broker or manager is selling or buying his own real estate. These exceptions only apply if there is another broker or manager to supervise the other agent involved in the transaction.

**Responsibilities of the Parties:** The duties of the agent and brokerage in a real estate transaction do not relieve the buyer and seller from the responsibility to protect their own interests. The buyer and seller are advised to carefully read all agreements to assure that they adequately express their understanding of the transaction. The agent and brokerage are qualified to advise on real estate matters. IF LEGAL OR TAX ADVICE IS DESIRED, YOU SHOULD CONSULT THE APPROPRIATE PROFESSIONAL.

**Consent:** By signing on the reverse side, you acknowledge that you have read and understand this form and are giving your voluntary, informed consent to the agency relationship disclosed. If you do not agree to the agent(s) and/or brokerage acting as a dual agent, you are not required to consent to this agreement and you may either request a separate agent in the brokerage to be appointed to represent your interests or you may terminate your agency relationship and obtain representation from another brokerage.

Any questions regarding the role or responsibilities of the brokerage or its agents should be directed to an attorney or to:
Ohio Department of Commerce
Division of Real Estate & Professional Licensing
77 S. High Street, 20th Floor
Columbus, OH 43215-6133
(614) 466-4100


